**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

BIG CHIEF PLANT SERVICES, LLC,

    Plaintiff/Counter-defendant,

v.                                                                                                                                                                               No. 18-cv-1226 SMV/CG

PANHANDLE MAINTENANCE, LLC,

    Defendant/Counterclaimant/Third-Party Plaintiff,

v.

3 BEAR DELAWARE OPERATING-NM, LLC,

    Third-Party Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court sua sponte following its review of the Notice of Removal [Doc. 1], filed by Defendant Panhandle Maintenance, LLC, on December 27, 2018. The Court has a duty to determine whether subject matter jurisdiction exists sua sponte. *See Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Notice of Removal, the underlying Complaint, the applicable law, and being otherwise fully advised in the premises, concludes that the Notice of Removal fails to allege the necessary facts of citizenship to sustain diversity jurisdiction. Therefore, the Court will order Defendant Panhandle Maintenance to file an amended Notice of Removal no later than January 24, 2019, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

**Background**

On December 27, 2018, Defendant Panhandle Maintenance removed this case to federal court, asserting complete diversity between the parties and that the amount in controversy exceeded $75,000. [Doc. 1] at 1. In support of its claim of diversity of citizenship, Defendant alleges that "Plaintiff is . . . an Oklahoma Limited Liability Company, authorized to do business in New Mexico [and D]efendant is . . . an [sic] Texas Limited Liability Company, authorized to do business in New Mexico." *Id.* Accordingly, Defendant concludes that Plaintiff is a citizen of Texas and Defendant is a citizen of Oklahoma. *Id.* However, Defendant makes no allegation about the citizenship of its members or the members of Plaintiff Big Chief Plaint Services. *See id.* at 1–2. Nor is any allegation made in the Complaint about the citizenship of any member of Plaintiff or Defendant. *See id.* at 4–12.

**Legal Standard**

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights. *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

**Discussion**

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between

citizens of different States. 28 U.S.C. § 1332(a) (2018). When a plaintiff files a civil action in state court over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court. 28 U.S.C. § 1441(a), (b) (2018).

Determining the citizenship of a limited liability company is different from determining the citizenship of a corporation under § 1332. A corporation is deemed to be a citizen of the State in which it is incorporated and in which it maintains its principal place of business. § 1332(c). Limited liability companies, however, are treated as partnerships for citizenship purposes and are therefore citizens of each and every State in which any member is a citizen. *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).

Here, the facts set forth in the Notice of Removal [Doc. 1] do not sufficiently establish the citizenship of Plaintiff or Defendant because they fail to allege the citizenship of each of their members.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant shall amend the Notice of Removal to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **January 24, 2019**.

**IT IS FURTHER ORDERED** that if such an amended notice is not filed by **January 24, 2019**, the Court may dismiss this action without prejudice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**