IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BIG CHIEF PLANT SERVICES, LLC,

    Plaintiff/Counter-defendant,

v.                                                                 No. 18-cv-1226 SMV/CG

PANHANDLE MAINTENANCE, LLC,

    Defendant/Counterclaimant/Third-Party Plaintiff,

v.

3 BEAR DELAWARE OPERATING-NM, LLC,

    Third-Party Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO CANCEL LIEN

THIS MATTER is before the Court on Plaintiff's Motion to Cancel Lien, [Doc. 18], filed on November 30, 2018. Defendant responded on December 19, 2018. [Doc. 18-1]. Plaintiff replied on December 20, 2018. [Doc. 18-2].[1] The parties consented to have the undersigned conduct dispositive proceedings in this matter. [Doc. 17]. The Court has considered the briefing, the relevant portions of the record, and the relevant law. Being otherwise fully advised in the premises, the Court will **GRANT** Plaintiff's Motion.

---

[1] Because this Motion was filed and fully briefed in state court prior to removal, the briefing is attached to the Original Notice of Removal, [Doc. 1], and Amended Notice of Removal, [Doc. 8]. To help reduce confusion and for administrative simplicity, the Court refiled the parties' briefing into one docket entry. *See* [Doc. 18] (Motion), [Doc. 18-1] (Response), and [Doc. 18-2] (Reply).

## I. BACKGROUND

Plaintiff Big Chief Plant Services, LLC ("Big Chief") agreed to perform contractor's services on Third-Party Defendant 3 Bear Delaware Operating-NM, LLC ("3 Bear")'s property located in Lea County, New Mexico, from June 17, 2018, to July 2, 2018. [Doc. 18] at 2; [Doc. 8] at 5. Plaintiff refers to this property as the "Outland location." [Doc. 18] at 2. Plaintiff also performed services on a different property owned by 3 Bear in New Mexico (the "Lariat location"). *Id.* at 5; [Doc. 8] at 5. Defendant Panhandle Maintenance, LLC was Plaintiff's painting subcontractor at each location. [Doc. 8] at 5. Defendant invoiced Plaintiff $258,845.60 for its work at the Lariat location and $68,552.31 for its work at the Outland location. [Doc. 18] at 16–20.

Plaintiff, however, believes that Defendant overbilled, so Plaintiff withheld payment for Defendant's invoices. [Doc. 8] at 5–6. In response, Defendant filed a mechanics' and materialmen's lien on the Outland location on October 19, 2018. *Id.* at 6, 11; *see* [Doc. 18] at 13–15. The County Clerk of Lea County recorded the lien on the same date. [Doc. 18] at 13.

## II. PROCEDURAL HISTORY

Plaintiff sued Defendant in New Mexico state court on November 20, 2018. [Doc. 1] at 4. Defendant removed this action to federal court on the basis of diversity jurisdiction on December 27, 2018. *Id.* at 1–2. It also filed a counterclaim against Plaintiff and a third-party claim against 3 Bear on December 27, 2018. [Doc. 3]. Defendant then filed an Amended Notice of Removal on January 9, 2019. [Doc. 8] at 1. Plaintiff asserts a number of claims arising from Defendant's alleged overbilling, including breach of contract, unjust enrichment, and violations of

the New Mexico Unfair Practices Act. *Id.* at 8–10. Plaintiff also moved in state court, in the instant Motion, to cancel the Defendant's lien on the Outland property. [Doc. 18].

### III. ANALYSIS

Plaintiff argues that the Court should cancel the lien because: (1) it is unacknowledged on the grounds that the word "acknowledged" or similar language does not appear on the instrument, (2) it is overburdened because it includes $258,845.60 in charges for work performed at the Lariat location, (3) Defendant failed to timely file it, and (4) it neither identifies Plaintiff as the employer nor describes the relevant contract terms. [Doc. 18] at 4–7. Defendant argues that, because Plaintiff is not the owner of the Outland property, it lacks standing under New Mexico law to move to cancel the lien. [Doc. 18-1] at 1–2. Defendant offers no other argument against granting the Motion.

The Court rejects Defendant's argument that Plaintiff lacks standing to move to cancel the lien. Under New Mexico's mechanic's and materialmen's lien statute, "the owner of any building, mining claim, improvement or structure subject to a lien . . . *or an original contractor having a contract with that owner* may petition the district court . . . for an order canceling the lien." N.M. Stat. Ann. § 48-2-9(A) (2007) (emphasis added). Defendant argues that Plaintiff lacks standing under the statute because it "is not the owner of the subject real property of which [Defendant's] lien has attached." [Doc. 18-1] at 1. Plaintiff claims that it is the original contractor on the subject property—not the property owner. [Doc. 18] at 4. Plaintiff proffers the Master Service Agreement signed by it and 3 Bear that concerned the property at issue. *See* [Doc. 18] at 37–45. Such an agreement is sufficient evidence that Plaintiff was an "original contractor." *See* § 48-2-2.1(A) ("'[O]riginal contractor' means a contractor that contracts directly with the owner."). As

3

additional evidence, Big Chief employee Donny Driskill declared under penalty of perjury that "Big Chief was the original contractor for properties known as 'Lariat' and 'Outland.'" [Doc. 18] at 23. Critically, Defendant does not dispute that Plaintiff is an "original contractor" under § 48-2-9(A). *See* [Doc. 18-1].[2]

Defendant does not contest the substance of Plaintiff's Motion. Though at the outset of its response Defendant "denies each and every allegation made in Plaintiff's Motion to cancel lien and demands strict proof thereof," *id.* at 1, the Court rejects this boilerplate denial. The Court therefore grants Plaintiff's Motion.

Plaintiff requests attorneys' fees and costs related to the instant Motion. [Doc. 18-2] at 4; *see* § 48-2-14 ("A prevailing party in a dispute out of or relating to a lien action is entitled to recover from the other party the reasonable attorney fees, costs and expenses incurred by the prevailing party."). The Court finds, given that Plaintiff is the prevailing party in this dispute, an award of Plaintiff's reasonable attorneys' fees related to its Motion to Cancel Lien is warranted.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Cancel Lien, [Doc. 18], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is awarded its reasonable attorneys' fees, costs, and expenses. Therefore, within 14 days, Plaintiff must file an affidavit of such fees, costs, and expenses. Upon the filing of the affidavit, Defendant may, within 14 days, object to the amount and/or reasonableness of the fees, costs, and expenses.

---

[2] Though Defendant attaches a letter from 3 Bear's counsel stating that Valerus Field Solutions LP was the "[c]ontractor" for the Outland location, *id.* at 4, Defendant never contests that Plaintiff is an "original contractor" on the subject property. Defendant's sole argument opposing the Motion is that Plaintiff lacks standing because it is not the *owner* of the Outland property.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**