# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**BIG CHIEF PLANT SERVICES, LLC,**

    Plaintiff/Counter-defendant,

v.                                                                                         No. 18-cv-1226 SMV/CG

**PANHANDLE MAINTENANCE, LLC,**

    Defendant/Counterclaimant/Third-Party Plaintiff,

v.

**3 BEAR DELAWARE OPERATING-NM, LLC,**

    Third-Party Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION TO RECONSIDER

THIS MATTER is before the Court on Defendant's Motion to Alter, Amend and/or Set Aside Order [Doc. 29], with supporting Memorandum [Doc. 30], filed on March 4, 2019. Plaintiff responded on March 7, 2019. [Doc. 31]. Defendant replied on March 21, 2019. [Doc. 41]. The parties consented to have the undersigned conduct dispositive proceedings in this matter. [Doc. 17]. The Court, having considered the briefing and the relevant law, and being otherwise fully advise in the premises, finds that the Motion is not well-taken and shall be **DENIED**.

## BACKGROUND

Plaintiff Big Chief Plant Services, LLC ("Big Chief") agreed to perform contractor's services on two properties owned by Third-Party Defendant 3 Bear Delaware Operating-NM, LLC ("3 Bear"). [Doc. 18] at 2; [Doc. 8] at 5. Plaintiff hired Defendant Panhandle Maintenance, LLC as its painting subcontractor for the projects, including one project at the "Outland location[]."

[Doc. 8] at 5. Plaintiff refused to pay Defendant on the grounds that Defendant had overbilled for its services. *Id.* at 5–6. Defendant filed a mechanics' and materialmen's lien on the Outland property on October 19, 2018. *Id.* at 6, 11; *see* [Doc. 18] at 13–15. The County Clerk of Lea County recorded the lien on the same date. [Doc. 18] at 13.

Plaintiff sued Defendant in New Mexico state court on November 20, 2018. [Doc. 1] at 4. Defendant removed to federal court based on diversity jurisdiction on December 27, 2018 and filed an Amended Notice of Removal on January 9, 2019. *Id.* at 1–2; [Doc. 8] at 1. Plaintiff asserts several claims arising from Defendant's alleged overbilling, including breach of contract, unjust enrichment, and violations of the New Mexico Unfair Practices Act. [Doc. 8] at 8–10. Defendant, in turn, has counterclaimed against Plaintiff for Plaintiff's failure to pay the disputed invoices. [Doc. 3] at 3–5.

New Mexico law allows either the owner of the property at issue or an original contractor having a contract with that owner to petition the court for an order cancelling a lien. Plaintiff filed a petition requesting cancellation of the mechanics' and materialmen's lien ("the Petition"), [Doc. 8] at 10–11, alleging that it had statutory authority to do so because it was the original contractor on 3 Bear's property. [Doc. 18] at 4. Plaintiff advanced four substantive arguments for why the Court should cancel the lien. *Id.* at 4–7. In its Response to the Petition, Defendant advanced only one argument: that Plaintiff lacked the statutory authority to move to cancel the lien because it was not the owner of the underlying property. [Doc. 18-1] at 1–2. Defendant disputed neither Plaintiff's status as an original contractor nor the substance of the Petition. *See id.* In its Reply, Plaintiff again maintained that it was an original contractor. [Doc. 18-2] at 3. Defendant never requested leave to file a surreply. The Court granted Plaintiff's Petition on February 4, 2019,

2

finding that Plaintiff had the statutory authority to move to cancel the lien. [Doc. 20] at 3–4. Defendant filed the instant Motion on March 4, 2019. [Doc. 29].

## ANALYSIS

Defendant now argues that the Court should "reconsider" its February 4, 2019 Memorandum Opinion and Order (the "Order") under Federal Rules of Civil Procedure 59(e) and 60(b). [Doc. 29] at 1; [Doc. 30] at 7. It argues that a different company—Valerus Field Solutions LP—was the original contractor for the Outland location. [Doc. 30] at 3; *see* [Doc. 18-1] at 4. Defendant also argues that, had it contested the merits of the Petition, it would have prevailed. *Id.* at 5–8, 10–12. The Court rejects each of Defendant's arguments.

Defendant's Motion is properly construed under Rule 59(e). The Federal Rules of Civil Procedure do not recognize motions for reconsideration. *Ysais v. Richardson*, 603 F.3d 1175, 1178 n.2 (10th Cir. 2010). Instead, a party seeking reconsideration of an order may file a motion to alter or amend judgment pursuant to Rule 59(e) or a motion seeking relief from judgment under Rule 60(b). *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)). A motion for reconsideration filed within 28 days of the challenged order must be construed under Rule 59(e). *Hinzo v. N.M. Dep't of Corr.*, No. 10-cv-0506 JB/CG, 2012 WL 13081961, at *1 n.2 (D.N.M. May 29, 2012). As Defendant filed its Motion on March 4, 2019—exactly 28 days after the Court's February 4, 2019 Order—the Court construes it under Rule 59(e).

Rule 59(e) allows a party to move to alter or amend a judgment. Fed. R. Civ. P. 59(e). But the judgment must be a *final* judgment. *United States v. City of Albuquerque*, No. 14-cv-1025 RB/SMV, 2018 WL 4815541, at *1 (D.N.M. Oct. 3, 2018); *see N.M. Health Connections v. U.S. Dep't of Health & Human Servs.*, 340 F. Supp. 3d 1112, 1149 (D.N.M. 2018). "Finality is judged

by the standards applicable to determining [appellate] jurisdiction under 28 U.S.C. § 1291." *Wheeler Mach. Co. v. Mountain States Mineral Enters., Inc.*, 696 F.2d 787, 789 (10th Cir. 1993) (per curiam). Section 1291 states that "[t]he courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291 (2018). "A final decision [under § 1291] must dispose of all claims by all parties, except a decision may otherwise be considered final if it is properly certified as a final judgment under Federal Rule of Civil Procedure 54(b)." *New Mexico v. Trujillo*, 813 F.3d 1308, 1316 (10th Cir. 2016). Therefore, an order is final only if § 1291 and Rule 54(b) classify it as such. *Id.*

Under Rule 54(b), if the court does not expressly state in its order deciding one (but not all) of the plaintiff's claims that "there is no just reason to delay" entering final judgment on the claim, then the order is not considered a final judgment. Fed R. Civ. P. 54(b). Rather, it is an interlocutory order. *See State Nat'l Ins. Co. v. Cty. of Camden*, 824 F.3d 399, 406 (3d Cir. 2016) (holding that the district court's order dismissing one defendant, but not all of them, "was not a final order . . . it was an interlocutory order that was not immediately appealable unless the District Court certified it under Rule 54(b), which it refused to do"); *Interstate Power Co. v. Kan. City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993)).

In this case, Rule 59(e) offers no relief from the Order. The Court did not expressly certify the Order as final under Rule 54(b). Plaintiff and Defendant have other claims pending after cancellation of the lien. *See* [Doc. 1-1] at 8–10. The Order therefore is not a final judgment or order under § 1291 and Rule 54(b); it is an interlocutory order. As Rule 59(e) offers no relief from interlocutory orders, the Court will deny Defendant's Motion.

Even if Rule 59(e) applied to the Order, Defendant's Motion would fail on the merits. "Grounds warranting a [Rule 59(e)] motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Courts should not grant relief under Rule 59(e) where the movant seeks only to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citing *Van Skiver*, 952 F.2d at 1243). Defendant does not argue that there has been an intervening change in the controlling law, so the issue is whether either of the other two grounds are present here.

Defendant incorrectly contends that new evidence has surfaced in the form of (1) an "Affidavit of Release and Payment of Debts and Claims," and (2) an affidavit from Defendant's employee, Edward Rodriguez. [Doc. 30] at 3–5. Defendant believes that these documents prove that Plaintiff was not an original contractor but, rather, a subcontractor, thereby eliminating Plaintiff's alleged statutory authority to move to cancel the lien. *Id.*; *see* [Doc. 30-1] at 7. These documents are not "new" evidence. "When supplementing a Rule 59(e) motion with additional evidence, the movant must show . . . that the evidence is newly discovered [and] if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence." *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 101 (10th Cir. 2012) (unpublished) (alteration in original) (quoting *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992)). First, the "Affidavit of Release" was signed on August 10, 2018, months before Defendant filed its Response. *See* [Doc. 30-1] at 7.

5

Defendant does not explain in its Motion, nor is it apparent based on the other evidence it submitted, how it made a diligent yet unsuccessful effort to discover the "Affidavit of Release."

Second, it appears that Defendant procured the Rodriguez affidavit on February 28, 2019, well after the Court ruled on the Petition. [Doc. 30-1] at 6. Defendant makes no effort to explain why it could not have obtained the affidavit in time to attach it to its Response. Therefore, Defendant has not shown that these affidavits constitute new evidence under Rule 59(e).

This begs the question of why Defendant did not request an extension to respond to the Petition so that the parties could conduct discovery. Defendant repeatedly laments its inability to properly respond to the Petition because it had not yet had a chance to fully conduct discovery. *See* [Doc. 30] at 3–4, 8. Yet, Defendant never requested permission to conduct such discovery, or an extension of time to respond to the Petition, or permission to file a surreply. It cannot now request reconsideration of the Order simply to get a second bite at the apple.[1]

The remainder of Defendant's Motion contests the merits of the Petition. *See, e.g.*, *id.* at 10–12. Defendant makes no attempt to justify its failure to include these arguments in its Response. Defendant opposed Plaintiff's Petition on one—and only one—ground: that Plaintiff lacked statutory authority to move to cancel the lien because it was not the property owner. [Doc. 18-1] at 1–2. Defendant inexplicably disputed neither Plaintiff's status as an original contractor nor the merits of the Petition. By now disputing both, the instant Motion therefore improperly seeks to advance arguments that could have been raised in prior briefing.

---

[1] Defendant may still conduct discovery relevant to its counterclaim(s), which may give it some recourse against Plaintiff for its alleged failure to pay Defendant for the services it provided. *See* [Doc. 8] at 3–5.

The final *Servants of the Paraclete* factor, the need to correct clear error or prevent manifest injustice, weighs against granting the instant Motion. Defendant has not shown that, if the Order remains unamended, any alleged injustice would be prejudicial or that the result would be fundamentally unfair in light of governing law. *See Diaz v. King*, No. 14-cv-1086 KG/SCY, 2016 WL 8924933, at *2 (D.N.M. Apr. 22, 2016) ("Although the Tenth Circuit has not specifically defined injustice . . . other courts have defined manifest injustice as 'more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law.'" (quoting *Smith v. Lynch*, Civil Action No. 10–1302 (BAH), 2015 WL 4324167, at *3 (D.D.C. July 15, 2015))). Defendant will no doubt be allowed to pursue and conduct discovery related to its remaining counterclaims. Were Defendant to prevail on its counterclaims, Defendant would be entitled to a judgment against Plaintiff. Defendant has not explained why the governing law makes cancellation of the lien fundamentally unfair. Finally, Defendant fails to show any clear error in the Order. Defendant fails to show it was clear error to reject Defendant's argument that Plaintiff lacked statutory authority where Plaintiff submitted, Defendant failed to dispute, and the Court relied upon, an uncontroverted affidavit stating that Plaintiff was an original contractor. *See* [Doc. 18] at 23.[2] Reconsideration is not warranted. *See Servants of the Paraclete*, 204 F.3d at 1012.

---

[2] Defendant also argues that, under Rule 60(b)(3), the Court should alter the Order because Plaintiff "misrepresented [that] it was an 'original contractor'" in its Petition. [Doc. 29] at 2. Even if Rule 60 applied to the Order, however, Defendant's argument would still fail. The Tenth Circuit defines fraud or misrepresentation under Rule 60(b)(3) as "an intent to deceive or defraud the court, by means of a deliberately planned and carefully executed scheme." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1291 (10th Cir. 2005) (quoting *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999)). Moreover, under Rule 60(b)(3), Defendant must show that the challenged behavior "*substantially* . . . interfered with [its] ability fully and fairly to prepare for" the case. *Id.* at 1290 (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)). Defendant has not met its burden to show that Plaintiff intentionally defrauded the Court or misrepresented its status as an original contractor; Defendant has not shown that Plaintiff's assertion that it was an original contractor—even if false—is any more likely an intentional scheme to defraud than an inadvertent mistake. Finally, even if Plaintiff engaged in

Finding that Rule 59(e) does not provide relief from the Order does not, however, end the analysis. Rule 54(b) states that courts may reconsider any order or decision that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "[A] district court can use whatever standard it wants to review a motion to reconsider an interlocutory order" under Rule 54(b). *Patterson v. Nine Energy Serv., LLC*, No. 17-1116 JB/GBW, 2018 WL 6250608, at *30 (D.N.M. Nov. 29, 2018); *see id.* (stating that the "Tenth Circuit has not cabined the district court's discretion" under Rule 54(b)). A movant for reconsideration faces an uphill battle when it "files a broad motion to reconsider that . . . essentially asks the [c]ourt to grant the movant a mulligan on its earlier failure to present persuasive argument and evidence." *Id.* The court may also consider the case's procedural posture—including how much time has passed between the interlocutory order and the motion for its reconsideration—and the *Servants of the Paraclete* factors. *Id.* at *31. The court should conserve judicial resources by restricting "the depth of the [c]ourt's analysis the second time around." *Id.*

The Court declines to alter its Order under Rule 54(b). Defendant could have argued in its original Response that Plaintiff was not the original contractor. Defendant could have contested the merits of the Petition. Defendant did neither. It is now "essentially ask[ing] the Court to grant [it] a mulligan." *Id.* at *30. Though the case's procedural posture does not weigh against granting the Motion because little time has passed between the February 4, 2019 Order and Defendant's

---

misrepresentation, Defendant would still fail to show how that behavior substantially interfered with its ability to respond to the Petition. Plaintiff twice stated—in its Petition and its Reply—that it was an original contractor. *See* [Doc. 18] at 4; [Doc. 18-2] at 3. Defendant's ability to respond to the Petition was not burdened because it was on notice that it needed to challenge Plaintiff's status as an original contractor. Therefore, even if Plaintiff engaged in misrepresentation, it would not justify relief.

March 4, 2019 Motion, the Court already determined that all of the *Servants of the Paraclete* factors weigh against vacating the Order. Therefore, the Court will not alter its ruling under Rule 54(b).

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant's Motion to Alter, Amend and/or Set Aside Order [Doc. 29], with supporting Memorandum [Doc. 30], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff is awarded its reasonable attorneys' fees, costs, and expenses under N.M. Stat. Ann. § 48-2-14 (2007) as stated in the February 4, 2019 Order. Plaintiff is also awarded its reasonable attorneys' fees, costs, and expenses incurred in responding to the instant Motion because it is "a dispute arising out of or relating to a lien action" and, in this situation, Defendant attempted to relitigate the propriety of the disputed lien. § 48-2-14. Plaintiff may file an amended affidavit of attorneys' fees, including those fees incurred in responding to the instant Motion, no later than **April 18, 2019**. Upon the filing and service of the affidavit, Defendant may, within 14 days, object to the amount and/or reasonableness of the fees, costs, and expenses.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**